**Jewell THOMAS**

v.

**Chuck JAMES, et al.**

**Civ. A. No. 92–1261.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 12, 1993.

Jewell Thomas, pro se.

Lavalle Bernard Salomon, Davenport, Files & Kelly, Monroe, LA, for defendants Chuck James and Captain Payne.

Brian E. Crawford, Crawford & Anzelmo, Monroe, LA, for defendant Dale Borseman.

## RULING

LITTLE, District Judge.

Plaintiff, Jewell Thomas, currently an inmate at Winn Correctional Center, has filed a complaint under 42 U.S.C. § 1983 alleging that his civil rights have been violated because he was denied adequate medical attention while he was being held at the Lincoln Parish Detention Center. The complaint names Charles James, Warden of the Lincoln Parish Detention Center, Renwick Payne, a captain employed by the Lincoln Parish Detention Center, and Loren Dale Boersma, the doctor that treated plaintiff.

Currently before this court is defendant Boersma's motion to dismiss. Defendant Boersma contends that plaintiff's lawsuit is premature because plaintiff has failed to present his claim to a medical review panel prior to filing the present action. Defendant Boersma bases his motion on Louisiana Revised Statute § 40:1299.47(B)(1)(a)(i) which provides:

No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

La.Rev.Stat.Ann. § 40:1299.47(B)(1)(a)(i) (West 1992). "This Part," as mentioned above, refers to Part XXIII of the Louisiana Revised Statute and is entitled "Medical Malpractice." Defendant Boersma contends that plaintiff alleges that defendant Boersma was negligent because Boersma failed to treat properly the plaintiff. If plaintiff did in fact assert a claim for negligence, plaintiff's claim would fall under malpractice because Part XXIII of the Louisiana Revised Statute defines malpractice as any *unintentional* tort. La.Rev.Stat. Ann. § 40:1299.41(A)(8) (West 1992) (emphasis added). Plaintiff, however, has asserted a claim for intentional mistreatment, alleging that the defendants were callous, deliberate and intentional in their failure to respond to the plaintiff's need for medical treatment. (See complaint paragraph 17). Therefore, plaintiff is not required to present his complaint to a medical review panel as provided in § 40:1299.47(B)(1)(a)(i).[1] Accordingly, defendant Boersma's motion to dismiss is DENIED.

---

**1.** We note that this ruling is consistent with our ruling in *Huddges v. Rapides Parish Jail,* No. 89–2871 (W.D.La. May 10, 1990). In *Huddges* this court held that the review process required by Louisiana state law does not apply to section 1983 claims.